1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10  AMANDA M. HAWLEY, individually on
    behalf of those similarly situated;
11  ROBERT A. ROCKHOLD, individually          CASE NO. C08-5055BHS
    on behalf of those similarly situated;
12  JULIE M. BENNETTE, individually on        ORDER DENYING
    behalf of those similarly situated,       DEFENDANTS' MOTION TO
13                                            DISMISS FOR FAILURE TO
                    Plaintiff,                STATE CLAIMS AGAINST
14                                            NON-CORPORATE
          v.                                  DEFENDANTS TOM JONEZ,
15                                            FAYE JONEZ, MORRIE
    BUSINESS COMPUTER TRAINING                PIGOTT, AND LINDA
16  INSTITUTE, INC., a Washington             PIGOTT;  GRANTING
    corporation doing business as Business    PLAINTIFFS' MOTION TO
17  Career Training Institute Inc.; BUSINESS  AMEND; AND RENOTING
    COMPUTER TRAINING INSTITUTE               PLAINTIFFS' MOTION FOR
18  COMMUNITY SERVICES, a                     CLASS CERTIFICATION
    Washington limited partnership;
19  EDUCATIONAL MANAGEMENT AND
    FINANCING CORPORATION, a
20  Washington corporation; MARKETING
    SUPPORT SERVICES AGENCY, INC.,
21  a Washington corporation; MORRIE
    PIGOTT and LINDA PIGOTT,
22  individually and their marital community;
    TOM JONEZ and FAYE JONEZ,
23  individually and their marital community,

24                  Defendants.

25

26        This matter comes before the Court on Defendants' Motion to Dismiss for Failure

27  to State Claims against Non-Corporate Defendants Tom Jonez, Faye Jonez, Morrie Pigott,

28

and Linda Pigott (Dkt. 10), Plaintiffs' Motion to Amend (Dkt. 12), and  Plaintiffs' Motion for Class Certification (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter was removed to federal court on January 30, 2008. Dkt. 1. Plaintiffs bring this suit on behalf of former Oregon students of the Business Computer Training Institute, Inc. ("BCTI"), alleging that BCTI made material misrepresentations that its training programs would train students to become business professionals and prepare them for high-paying jobs in high-tech computer careers; for officer administration positions using computers; or for positions as web designers, network administrators, hardware repair technicians and software help-desk specialists with the intent of inducing Plaintiffs to enroll in the programs. Dkt. 1 at 10. Plaintiffs contend that BCTI conferred certificates on students regardless of their academic performance and enrolled students in order to acquire governmental funding. *Id.* at 11-12. According to Plaintiffs, BCTI did not fulfill its representations with regard to career counseling, reasonable job placement assistance, or referrals from BCTI. *Id.* at 13.

Plaintiffs allege the following claims on behalf of themselves and a class of similarly situated individuals: (1) breach of contract and warranty, (2) violation of Washington's Consumer Protection Act, RCW 19.86.020, (3) negligent infliction of emotional distress, (4) negligence and lack of institutional control, (5) misrepresentation, (6) breach of fiduciary duty, and (7) fraud.

Defendants move to dismiss Plaintiffs' claims against Defendants Tom Jonez, Faye Jonez, Morrie Pigott, and Linda Pigott ("the moving Defendants"). Dkt. 10. The moving Defendants contend that Plaintiffs fail to demonstrate the factual basis for asserting liability against them. *Id.* at 2. In an attempt to address issues raised by the motion, Plaintiffs move to amend their complaint. Dkt. 12. In the interest of judicial economy, the Court has considered these motions concurrently.

1

## II. MOTIONS TO DISMISS AND TO AMEND

2      Motions to dismiss may be based on either the lack of a cognizable legal theory or

3 the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police*

4 *Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted

5 and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d

6 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not

7 require detailed factual allegations but must provide the grounds for entitlement to relief

8 and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic*

9 *Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to

10 state a claim to relief that is plausible on its face." *Id.* at 1974. When deciding a motion to

11 dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d). In this

12 case, the moving Defendants seek dismissal on the grounds that they cannot be held liable

13 merely as shareholders or corporate officers. Dkt. 10.

14      Federal Rule of Civil Procedure 15 governs amendments of pleadings and provides

15 in part as follows:

16          (a) Amendments Before Trial.
           (1) Amending as a Matter of Course. A party may amend its pleading

17      once as a matter of course:
           (A) before being served with a responsive pleading; or

18          (B) within 20 days after serving the pleading if a responsive pleading
       is not allowed and the action is not yet on the trial calendar.

19          (2) Other Amendments. In all other cases, a party may amend its
       pleading only with the opposing party's written consent or the court's leave.

20      The court should freely give leave when justice so requires.

21 Fed. R. Civ. P. 15(a).

22      The moving Defendants were shareholders of Business Computer Training

23 Institute, Inc. and Business Computer Training Institute Community Services limited

24 partnership. Dkt. 1 at 9. Morrie Piggot and Tom Jonez were the shareholders of

25 Defendants Educational Management and Financing Corporation and Marketing Support

26 Services Agency, Inc. *Id.*

27

28

ORDER - 3

The original complaint includes two allegations specifically referencing the moving Defendants. First, Plaintiffs contend that Defendant Morrie Pigott acknowledged that individuals were deemed to have a training-related position when such individuals did not occupy such a position. Dkt. 1 at 12. Second, Plaintiffs contend that the actions of the moving Defendants were such that they are personally liable for the actions of BCTI and for any judgment against BCTI. *Id.* at 14.

In response to the Motion to Dismiss, Plaintiffs contend that the moving Defendants were also responsible for BCTI's advertising and promotional efforts and for closing BCTI schools and seek to impose liability against the moving Defendants for their own actions and for the actions of the business entities. Dkt. 34 at 3. In other words, Plaintiffs seek to pierce the corporate veil as to the moving Defendants. *Id.* Plaintiffs' proposed amended complaint adds allegations that BCTI formed shell corporations, that the moving Defendants comingled their personal assets with corporate assets, that the moving Defendants altered the flow of assets in order to deceive the Department of Education, that the moving Defendants instructed staff to convince former students to seek multiple deferments of their student loans in order to avoid the Department of Education's requirements regarding student default rates, that the moving Defendants used corporate funds for personal use, and that the moving Defendants failed to adhere to corporate formalities. Dkt. 13, Exh. A at 10-14. Finally, Plaintiffs contend that Defendants Faye Jonez and Linda Pigott are liable for the community property debt of their spouses. Dkt. 34 at 8-9.

Defendants oppose amendment of the complaint on the grounds that amendment would be futile because Plaintiffs do not allege any facts against Linda Pigott and Faye Jonez, because Plaintiffs fail to allege facts in support of their claims of individual liability, because Plaintiffs are not shareholders and are therefore not owed a duty by BCTI, and because Plaintiffs offer only conclusory statements to support piercing the

1   corporate veil. Dkt. 17 at 5-8. For the reasons stated below, the Court declines to dismiss

2   Plaintiffs' complaint and grants Plaintiffs leave to file an amended complaint.

3   **A.     LINDA PIGOTT AND FAYE JONEZ**

4          Defendants seek dismissal of all claims against Linda Pigott and Faye Jonez,

5   contending that these Defendants are named only because "they share the last names with

6   former officers and directors." Dkt. 17 at 6. Plaintiffs seek to impose liability on these

7   Defendants for the community property debts of their spouses. Dkt. 13 at 14. Defendants

8   fail to demonstrate that such an attempt is implausible on its face, and the Court therefore

9   declines to dismiss these Defendants.

10  **B.     INDIVIDUAL LIABILITY**

11         The moving Defendants also seek dismissal of all claims against them on the

12  grounds that Plaintiffs fail to allege sufficient facts justifying liability. Dkt. 17 at 6-7.

13  Plaintiffs allege that the moving Defendants, as agents of BCTI, induced enrollment into

14  BCTI programs through the use of false statistics and advertisements that misrepresented

15  the quality of the program offered by BCTI. Dkt. 1 at 10-11. Taken as true, Plaintiffs'

16  factual allegations are sufficient to state a claim upon which relief may be granted.

17  **C.     PIERCING THE CORPORATE VEIL**

18         As a threshold matter, the parties do not squarely address which body of law

19  governs this matter, and the Court therefore reserves ruling on this question. Defendants

20  contend that amendment of the complaint would be futile because Plaintiffs offer only

21  conclusory statements to support piercing the corporate veil. The Court concludes, for the

22  reasons below, that Plaintiffs' factual allegations are sufficient to justify piercing of the

23  corporate veil.

24         Washington courts will disregard the corporate entity and assess liability against

25  shareholders who intentionally use the corporation to avoid a duty owed to another.

26  *Morgan v. Burks*, 93 Wn.2d 580,585 (1980). The corporate entity may only be

27  disregarded if doing so is "necessary and required to prevent unjustified loss to the

28

ORDER - 5

injured party." *Id.* at 587. Two elements are required to pierce the corporate veil: First, there must be evidence that the corporate form was intentionally used to violate or evade a duty. *Meisel v. M & N Modern Hydraulic Press Co.*, 97 Wn.2d 403, 410 (1982). This element is satisfied with evidence of fraud, misrepresentation, or some manipulation of the corporation to the benefit of stockholders and the detriment of creditors. *Id.* Second, disregard of the corporate form must be necessary to prevent an unjustified loss to the injured party. *Id.*

Under Oregon law, piercing the corporate veil is an extraordinary remedy to be utilized only as a last resort. *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1228 (9th Cir. 2005). Oregon law requires satisfaction of three elements: "(1) The shareholder must have controlled the corporation; (2) the shareholder must have engaged in improper conduct in his exercise of control over the corporation; and (3) the shareholder's improper conduct must have caused plaintiff's inability to obtain an adequate remedy from the corporation." *Id.*

The proposed amended complaint alleges that the moving Defendants exercised complete control over the corporate Defendants, including their financial transactions; that the moving Defendants undercapitalized the corporate Defendants, resulting in the corporations' inabilities to pay their debts; and that the moving Defendants failed to adhere to corporate formalities by using corporate funds for personal use and by failing to maintain corporate records. Dkt. 13 at 10-14. These allegations are sufficiently factual in nature and are not overly conclusory so as to render amendment futile or to justify dismissal of Plaintiffs' complaint.

## D.    PARTICULARITY OF FRAUD ALLEGATIONS

Federal Rule of Civil Procedure 9(b) requires a complaint alleging fraud to state with particularity the circumstances amounting to fraud. Fed. R. Civ. P. 9(b). To satisfy this burden, the complaint must do more than merely recite the neutral facts necessary to identify the misrepresentation, such as its time, place, and content. *Yourish v. Cal.*

1   *Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). Rather, the complaint must also explain

2   what is false about a statement and why it was false or misleading at the time it was

3   made. *Id.*

4        In this case, the moving Defendants contend that Plaintiffs' fraud allegations are

5   not stated with particularity as required by Federal Rule of Civil Procedure 9(b). Dkt. 37

6   at 2. Perhaps because Plaintiffs moved to file an amended complaint only after the

7   moving Defendants sought dismissal, the moving Defendants' reference to Rule 9(b)

8   appears for the first time in the reply. In the interest of fairness and due process, the Court

9   does not reach this issue at this time.

10                          **III. CLASS CERTIFICATION**

11        Plaintiffs move to certify this matter as a class action. Dkt. 11. Because Plaintiffs

12   will be filing an amended complaint, the parties may wish to supplement their briefing on

13   the class certification issue to address any issues necessitated by the amendment. The

14   Court will therefore defer its ruling on the class certification motion until the parties have

15   filed their supplemental briefs, if any.

16                                **IV. ORDER**

17        Therefore, it is hereby

18        **ORDERED** that Defendants' Motion to Dismiss for Failure to State Claims

19   against Non-Corporate Defendants Tom Jonez, Faye Jonez, Morrie Pigott, and Linda

20   Pigott (Dkt. 10) is **DENIED**; that Plaintiffs' Motion to Amend (Dkt. 12) is **GRANTED**,

21   and that Plaintiffs may file an amended complaint on or before May 14, 2008.

22        It is further **ORDERED** that the parties may supplement their briefing regarding

23   class certification as follows: Plaintiffs may file a supplement on or before May 14, 2008;

24   Defendants may file a supplemental response on or before May 26, 2008; and Plaintiffs

25   may file a supplemental reply on or before May 29, 2008. The supplemental motion and

26   response are limited to no more than six pages, and the supplemental reply is limited to no

27

28

ORDER - 7

1    more than three pages. Plaintiffs' Motion for Class Certification (Dkt. 11) is **RENOTED**

2    for consideration on May 30, 2008.

3          DATED this 9th day of May, 2008.

4

5

6    _____

7    BENJAMIN H. SETTLE
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 8