UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMANDA M. HAWLEY, individually on behalf of those similarly situated; ROBERT A. ROCKHOLD, individually on behalf of those similarly situated; JULIE M. BENNETTE, individually on behalf of those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BUSINESS COMPUTER TRAINING INSTITUTE, INC., a Washington corporation doing business as Business Career Training Institute Inc.; BUSINESS COMPUTER TRAINING INSTITUTE COMMUNITY SERVICES, a Washington limited partnership; EDUCATIONAL MANAGEMENT AND FINANCING CORPORATION, a Washington corporation; MARKETING SUPPORT SERVICES AGENCY, INC., a Washington corporation; MORRIE PIGOTT and LINDA PIGOTT, individually and their marital community; TOM JONEZ and FAYE JONEZ, individually and their marital community, <br><br> Defendants. | CASE NO. C08-5055BHS <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL |

This matter comes before the Court on Defendants' Motion to Compel Plaintiffs to Conduct Discovery Exclusively Pursuant to the Federal Rules of Civil Procedure (Dkt. 14). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

ORDER - 1

# I. FACTUAL AND PROCEDURAL BACKGROUND

This matter was removed to federal court on January 30, 2008. Dkt. 1. Plaintiffs bring this suit on behalf of former Oregon students of the Business Computer Training Institute, Inc. ("BCTI"), alleging that BCTI made material misrepresentations that its training programs would train students to become business professionals and prepare them for high-paying jobs in high-tech computer careers; for officer administration positions using computers; or for positions as web designers, network administrators, hardware repair technicians and software help-desk specialists with the intent of inducing Plaintiffs to enroll in the programs. Dkt. 1 at 10. Plaintiffs contend that BCTI conferred certificates on students regardless of their academic performance and enrolled students in order to acquire governmental funding. *Id.* at 11-12. According to Plaintiffs, BCTI did not fulfill its representations with regard to career counseling, reasonable job placement assistance, or referrals from BCTI. *Id.* at 13.

Plaintiffs allege the following claims on behalf of themselves and a class of similarly situated individuals: (1) breach of contract and warranty, (2) violation of Washington's Consumer Protection Act, RCW 19.86.020, (3) negligent infliction of emotional distress, (4) negligence and lack of institutional control, (5) misrepresentation, (6) breach of fiduciary duty, and (7) fraud.

Plaintiffs' counsel are also participating in a pending suit against BCTI in the Washington State Superior Court for Pierce County entitled *Wright v. BCTI*, No. 05-2-05763-2 (Wash. Super. Ct.). Dkt. 15 at 2. In *Wright*, the Honorable Thomas P. Larkin entered a stipulated protective order governing the disclosure or use of discovery materials marked "confidential" and requiring the return or destruction of all such materials upon completion of the litigation. *Id.*; Dkt. 15, Exh. A at 7, 8.  Plaintiffs filed a motion in *Wright* seeking to amend the stipulated protective order. Dkt. 15 at 2; Dkt. 15, Exh. B at 14. Plaintiffs sought amendment of the protective order to permit use in this

ORDER - 2

1  case of discovery materials subject to the protective order in *Wright* in order to avoid
2  repetitive and expensive discovery. Dkt. 15, Exh. B at 14-15.

3        Defendants now move the Court to enter an order providing that all discovery in
4  this matter shall be guided by the Federal Rules of Civil Procedure and by the orders of
5  this Court; that any and all discovery obtained or produced in *Wright v. BCTI* shall not be
6  used in any manner unless it was produced or obtained through discovery in this matter;
7  that Plaintiffs are prohibited from presenting, referencing, alluding to, or otherwise
8  making use of any document, information, witness, or other discovery materials produced
9  during *Wright v. BCTI*; and that "Plaintiffs will not attempt to undermine the authority
10 and exclusive jurisdiction of this Court by making motions regarding discovery in any
11 other forum or court." Dkt. 14-2 at 2. While the instant motion was pending and before
12 this motion became ripe, Judge Larkin denied Plaintiffs' counsel's motion to revise the
13 *Wright* protective order. Dkt. 33, Exh. E at 30.

## II. DISCUSSION

15       The Ninth Circuit "strongly favors access to discovery materials to meet the needs
16 of parties engaged in collateral litigation" because "[a]llowing the fruits of one litigation
17 to facilitate preparation in other cases advances the interests of judicial economy by
18 avoiding the wasteful duplication of discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*,
19 331 F.3d 1122, 1131 (9th Cir. 2003). Absent a court order or private agreement, litigants
20 may disclose discovery materials to collateral litigants because the Federal Rules of Civil
21 Procedure do not limit the use of material obtained through discovery. *Id.* at 1128 n.1.

22       Where collateral litigants seek access to discovery materials subject to a protective
23 order in another case, it is the responsibility of the court issuing the protective order to
24 determine whether modification or rescission of the protective order is proper by
25 considering whether the discovery material is relevant to, and generally discoverable in,
26 the collateral litigation. *See id.* at 1132. The collateral courts are responsible for

1  determining whether the discovery materials are ultimately discoverable in the collateral
2  litigation. *Id.* at 1133.

3  In their Motion to Compel (Dkt. 14), Defendants seek to bar the use in this case of
4  discovery materials produced in *Wright*. The parties apparently do not dispute whether
5  some of the materials produced in *Wright* would be discoverable in this matter, and
6  Plaintiffs therefore request that Defendants pay for the copying of documents already in
7  Plaintiffs' possession. This request was not made by motion and is therefore not properly
8  before the Court. The Court will address each of Defendants' requests in turn.

9  First, Defendants seek an order providing that "[a]ll discovery in this matter shall
10 be guided by the Federal Rules of Civil Procedure and by any order of this Court." Dkt.
11 14-2. The applicability of the Federal Rules of Civil Procedure to this case is a matter that
12 cannot reasonably be disputed and does not require an order from the Court. While any
13 violations of court rules or orders may be brought to the Court's attention, the Court's
14 expectation that counsel for all parties will obey all court rules and orders does not
15 require an anticipatory admonishment.

16 Second, Defendants seek an order providing that any and all discovery obtained or
17 produced in *Wright v. BCTI* shall not be used in any manner unless it was produced or
18 obtained through discovery in this matter and prohibiting Plaintiffs from presenting,
19 referencing, alluding to, or otherwise making use of any document, information, witness,
20 or other discovery materials produced during *Wright v. BCTI*. As a threshold matter, the
21 Court notes that Defendants' request fails to consider whether any confidential materials
22 produced in the *Wright* matter were filed with the court and therefore made matters of
23 public record and that the request is not limited to discovery materials designated as
24 confidential.

25 Nevertheless, the Court concludes that the Amended Protective Order would bar
26 use in this case and retention, after conclusion of the *Wright* litigation, of materials that
27 were designated as "confidential," received in the course of discovery in *Wright*, and
28

otherwise not made matters of public record. *See* Dkt. 15, Exh. A at 7, 8. The means of avoiding this effect of the Amended Protective Order are (1) challenging the designation of material as "confidential" under paragraph 2 of the Amended Protective Order or (2) seeking modification or rescission of the Amended Protective Order from the *Wright* court. *See id.* at 6. In the interests of comity and due process, this Court will not disturb the Amended Protective Order. In this limited respect, Defendants' motion is granted.

Third, Defendants seek an order providing that "Plaintiffs will not attempt to undermine the authority and exclusive jurisdiction of this Court by making motions regarding discovery in any other forum or court." Dkt. 14-2. It is not the responsibility of this Court to proscribe the conduct of Plaintiffs' counsel in other courts.

Finally, the Court notes that documents ultimately produced through discovery in this case may be the same as those produced in the *Wright* matter pursuant to the Amended Protective Order and that such materials may, or may not, be entitled to protection under Federal Rule of Civil Procedure 26(c). Because the parties in *Wright* stipulated to the Amended Protective Order, it is unclear whether the parties first made a particularized showing justifying issuance of a protective order. Whether a protective order is warranted in this case is a matter not yet before the Court.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Compel Plaintiffs to Conduct Discovery Exclusively Pursuant to the Federal Rules of Civil Procedure (Dkt. 14) is **GRANTED in part** and **DENIED in part** as provided herein.

DATED this 9th day of May, 2008.

 

 

BENJAMIN H. SETTLE
United States District Judge