UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMANDA M. HAWLEY, et al., | |
| Plaintiffs, | CASE NO. C08-5055BHS |
| v. | ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |
| BUSINESS COMPUTER TRAINING INSTITUTE, INC., et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Motion for Class Certification (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL BACKGROUND**

On January 30, 2008, this matter was removed to federal court. Dkt. 1. Plaintiffs bring this suit on behalf of former Oregon students of the Business Computer Training Institute, Inc. ("BCTI"), alleging that BCTI made material misrepresentations that its training programs would train students to become business professionals and prepare them for high-paying jobs in high-tech computer careers; for office administration positions using computers; or for positions as web designers, network administrators, hardware repair technicians and software help-desk specialists with the intent of inducing

ORDER - 1

1  Plaintiffs to enroll in the programs. Dkt. 1 at 10. Plaintiffs contend that BCTI conferred
2  certificates on students regardless of their academic performance and enrolled students in
3  order to acquire governmental funding. *Id*. at 11-12. According to Plaintiffs, BCTI did
4  not fulfill its representations with regard to career counseling, reasonable job placement
5  assistance, or referrals from BCTI. *Id*. at 13.

6  Plaintiffs allege the following claims on behalf of themselves and on behalf of a
7  class of similarly situated individuals: (1) breach of contract and warranty, (2) violation of
8  Washington's Consumer Protection Act, RCW 19.86.020, (3) negligent infliction of
9  emotional distress, (4) negligence and lack of institutional control, (5) misrepresentation,
10 (6) breach of fiduciary duty, and (7) fraud.

11 On April 10, 2008, Plaintiffs filed a Motion for Class Certification. Dkt. 11. That
12 motion was renoted because the Court granted Plaintiffs leave to amend their complaint.
13 Dkt. 38. On May 12, 2008, Plaintiffs amended the complaint adding more factual
14 allegations. *Compare* Dkt. 1 at 7-18 *with* Dkt. 40. After the amendment, the Court
15 allowed the parties to file supplemental briefing on the motion for class certification.
16 Dkt. 38. Defendants have responded twice (Dkts. 19 and 42). Plaintiffs have replied
17 twice (Dkts. 25 and 43).

18 Plaintiffs claim that:

19  the issues raised in this matter are essentially identical to the issues
    previously raised and adjudicated in *Wright v. BCTI*, Pierce County No.
20  05-2-05763-2, where the Pierce County Superior Court certified the case of
    students from BCTI campuses in Washington State as a class action, and
21  after further litigation, including review at Division II of the Court of
    Appeals, the matter settled.
22
   Dkt. 11 at 1-2. Plaintiffs have attached that order of class certification. Dkt. 11-7 at 1-14.
23
   In this case, Plaintiffs have proposed the following class definition:
24
    All persons who have been enrolled in Business Computer Training
25  Institute ("BCTI") at any BCTI campus, whether now opened or closed, in
    Oregon. Expressly excluded are all persons who have been enrolled in any
26  BCTI campus in Washington.

27 Dkt. 11 at 1.

28

ORDER - 2

## II.  RELEVANT FACTS

Over 6,000 students have attended BCTI's two Oregon campuses.  Declaration of Tom Jonez in Support of Defendants' Opposition to Class Certification ("Jonez Decl."), Dkt. 21, ¶ 2.  BCTI'S Beaverton Campus opened in 1985 and its Salem Campus opened shortly thereafter.  *Id*.  Plaintiffs claim that "BCTI advertised and promoted training programs [] that claimed to provide the education necessary for students to become trained and qualified as business professionals with computer competency."  Dkt. 40, ¶ 3.1.  In March 2005, BCTI closed both Oregon campuses.  Jonez Decl., ¶ 2.

The parties contest the reasons for those closures.  Plaintiffs claim that the BCTI schools closed as a result of an investigation by the Oregon Department of Education.  Dkt. 11 at 2.  The Department of Education initiated an investigation of BCTI based on complaints by and interviews with students and instructors.  Declaration of Darrell Cochran ("Cochran Decl.), Dkt. 11-6, Exh. D, Dkt. 11-8 at 1-16.  In that investigation, the Department made the following findings:

> 1.  The school makes intentionally or knowingly false, deceptive, inaccurate, or misleading representations of fact in connection with the offering or publicizing of a subject or course of instruction.
>
> 2.  The school . . . [enrolls] students who cannot reasonably expect to succeed in and benefit from the proposed training or course of instruction."
>
> 3.  BCTI has submitted multiple and differing data on completion and placement thus failing to provide true and correct data."
>
> 4.  The school has consistently engaged in unfair and deceptive conduct . . .

*Id*. at 14.  On the other hand, Defendants claim that the school closed due to a lack of computer related jobs and the financial burden imposed on the company in maintaining its campus computer systems.  Dkt. 19 at 2.

There are three named plaintiffs.  Plaintiff Amanda Hawley attended BCTI'S Salem campus and was enrolled when the campus closed in March 2005.  Declaration of Amanda Hawley, Dkt. 11-3, ¶ 2.  Plaintiff Robert Rockhold was enrolled at the Salem

ORDER - 3

1 campus from October of 2002 until December of 2003. Declaration of Robert Rockhold, Dkt. 11-4, ¶ 2. Plaintiff Julie Bennette was enrolled at the Beaverton campus from March of 1993 until July of 1993. Declaration of Julie Bennette, Dkt. 11-5, ¶ 2. Ms. Bennette claims that she "was unaware that the statistics used by BCTI to advertise their programs of instruction were inaccurate until December 2007." *Id.* ¶ 3.

## III.  DISCUSSION

Certification of a class action is appropriate only if the prerequisites of Federal Rule of Civil Procedure 23(a) are satisfied:

1. the class is so numerous that joinder of all members is impracticable;
2. there are questions of law or fact common to the class;
3. the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
4. the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Generally speaking, the suit must be maintainable as a class action under Rule 23(b) because (1) the prosecution of separate actions would risk adjudications that are inconsistent or would be dispositive of interests of nonparties, (2) the defendants acted on grounds that apply generally to the class such that injunctive or declaratory relief is appropriate to the class as a whole, or (3) common questions of law or fact predominate over individual issues. Fed. R. Civ. P. 23(b).

The party moving for class certification bears the burden of proving that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The movant need not make an extensive evidentiary showing so long as the court is provided enough information to form a reasonable judgment on each certification requirement. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). The court may not conditionally certify a class on the basis of speculation that certification requirements may later be met. *Id.*

1   Where there is insufficient information to make a reasonable judgment on all
2   requirements, Local Rule CR 23 provides that the Court may postpone final determination
3   of the issue until more information is available:

> The court may certify the class, may disallow and strike the class allegations, or may order postponement of the determination pending discovery or such other preliminary procedures as appear appropriate and necessary in the circumstances. Whenever possible, where the determination is postponed, a date will be fixed by the court for renewal of the motion.

Local Rule CR 23(f)(3).

Plaintiffs have advanced arguments in favor of certification for all four requirements of Rule 23(a) and for maintainability of the class under Rule 23(b)(3). Dkt. 11 at 5-12.  For the purposes of this motion, Defendants do not seriously dispute the numerosity requirement of Rule 23(a). *See* Dkt. 19.  Defendants, however, do contest the commonality, typicality, and adequacy requirements of Rule 23(a) and also contest the predominance requirement of Rule 23(b). *Id*. at 4-12.  As explained in more detail below, the Court does not address the requirements of Rule 23(a) because the Plaintiffs have failed to meet their burden of showing that the proposed class is maintainable under Rule 23(b)(3).  Therefore, for the purposes of this motion, the Court will assume without deciding that Plaintiffs have met the requirements of Rule 23(a) and that there are both questions that affect only individual class members and questions of law and fact that are common to the proposed class.

**B.    Rule 23(b)**

Plaintiffs have moved to certify the proposed class under Rule 23(b)(3). Dkt. 11 at 10.  An action may be maintained as a class if:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>   (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
>   (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

ORDER - 5

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Plaintiff argue that common issues of law and fact predominate over any questions affecting only individual members of the class. Dkt. 11 at 10-12. Defendants counter that "each phase of the litigation will require mini-trials to determine individual questions of law and fact." Dkt. 19 at 10. While the issues regarding the contracts between Defendants and members of the proposed class may raise common questions of law and fact, other issues, such as the common law negligence claims, would require determination of facts on a person by person basis. For example, its highly questionable that one person's claim of infliction of emotional distress would be common to other members of the proposed class. In fact, Plaintiffs claim that "Defendants [actions were] the proximate cause of emotional distress [by Plaintiffs] which was manifested through objective symptomatology." Dkt. 40, ¶ 7.3. Plaintiffs have failed to show how "objective symptomatology" is or could be a common, predominate issue. Plaintiffs' argument is without merit.

Second, Plaintiffs argue that a class action is the superior method available because each member of the proposed class would only receive minimal damages if a favorable verdict was obtained. *Id*. citing *Hanlon v. Chrysler Corporation*, 150 F.3d 1011, 1023 (9th Cir. 1998). In *Hanlon*, the plaintiffs sued the car manufacturer due to a defective rear liftgate latch. *Id*. at 1017-1018. The court stated that "[i]n this instance, the alternative methods of resolution are individual claims for a small amount of consequential damages or latch replacement." *Id*. at 1023.

In this case, the proposed class stands to receive more than a small amount of consequential damages. In fact, the class of Washington plaintiffs (approximately 1000 individuals) settled for more than 13 million dollars. *See* Dkt. 11-7 at 15-20 (Order on Final Approval of Settlement, Plan of Distribution, and Attorney's Fees). Although the

ORDER - 6

1 amount of damages is far from controlling on the issue of predominance, Plaintiffs'
2 argument regarding minimal individual damages is contrary to the evidence before the
3 Court.

4     Third, Plaintiffs argue that certification and resolution of this case will also resolve
5 the issue present in an action pending in the Oregon District Court, *Thornburg v. BCTI*,
6 Cause No. 0506-06955 (Multnomah County Circuit Court). Dkt. 11 at 11. Plaintiffs
7 claim that the proposed class in that action, which has not been certified, encompasses a
8 subset of the proposed class in this case. *Id*. The causes of action of "proposed classes"
9 fail to establish the "extent and nature of any litigation already begun by class members."
10 For example, if this action is certified as a class, it may become a subset of the other
11 action. Relying on proposed classes is asking the Court to rely on moving targets in
12 considering class certification. Accordingly, the Court does not consider the existence of
13 that other action to establish the predominance of this action.

14     Fourth, Plaintiffs argue that "the litigation of this case in one forum is highly
15 preferable" because the relevant "documents" and "vast majority of witnesses" are
16 located in Tacoma. Dkt. 11 at 11. While these facts may weigh in favor of the Plaintiffs'
17 desired venue, they do not establish that common issues predominate over individual
18 issues in this action.

19     Fifth, Plaintiffs argue that this case is manageable as a class action because the
20 case involving the Washington case was managed as a class action by the Honorable
21 Thomas P. Larkin. Dkt. 11 at 12. That case was certified based on allegations of
22 violation of the Washington Consumer Protection Act, violation of the Washington
23 Criminal Profiteering Act, and common law fraud. *See* Dkt. 11-7 at 1-13. In this case,
24 Plaintiffs have asserted other, more individualized violations. Even if the Court
25 considered this case manageable based on the allegations before Judge Larkin, Plaintiffs
26 have treaded well beyond the scope of those claims. Thus, Plaintiffs have failed to show
27 that this action is manageable as a class action.

28

ORDER - 7

Finally, Plaintiffs, in reply, argue that "there is strong evidence that Defendants breached their contract with students and engaged in a common scheme to defraud and misrepresent both students and government regulators about the quality of education and past placement success." Dkt. 25 at 6.  As Defendants point out, in making this argument, Plaintiffs rely on the contract causes of action in support of certification for *all* of their causes of action.  Dkt. 19 at 10.  While common issues of contract law may exist in this action, those issues do not establish predominance of issues such as negligent infliction of emotional distress.

Therefore, Plaintiffs have failed to show that common issues of law or fact predominate over questions involving only individual members.  Plaintiffs' Motion for Class Certification is denied.

## IV.  ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion for Class Certification (Dkt. 11) is **DENIED**.

DATED this 18th day of June, 2008.

BENJAMIN H. SETTLE
United States District Judge