UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMANDA M. HAWLEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BUSINESS COMPUTER TRAINING INSTITUTE, INC., et al., <br><br> Defendants. | CASE NO. C08-5055BHS <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO AMEND, GRANTING DEFENDANTS' MOTION TO STRIKE, AND DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO 12(b)(6) FOR FAILURE TO PLEAD PARTICULARITIES OF FRAUD |

This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to 12(b)(6) for Failure to Plead Particularities of Fraud (Dkt. 44), Plaintiffs' Motion to Amend (Dkt. 52), and Defendants' Motion to Strike (Dkt. 55). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Plaintiffs' motion to amend, grants Defendants' motion to strike, and denies Defendants' motion to dismiss for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter was removed to federal court on January 30, 2008. Dkt. 1. Plaintiffs bring this suit on behalf of former Oregon students of the Business Computer Training Institute, Inc. ("BCTI"), alleging that BCTI made material misrepresentations that its training programs would train students to become business professionals and prepare them for high-paying jobs in high-tech computer careers; for officer administration

positions using computers; or for positions as web designers, network administrators, hardware repair technicians and software help-desk specialists with the intent of inducing Plaintiffs to enroll in the programs. Dkt. 1 at 10. Plaintiffs contend that BCTI conferred certificates on students regardless of their academic performance and enrolled students in order to acquire governmental funding. *Id.* at 11-12. According to Plaintiffs, BCTI did not fulfill its representations with regard to career counseling, reasonable job placement assistance, or referrals from BCTI. *Id.* at 13. On February 8, 2008, Defendants answered the original complaint. Dkt. 8.

In Plaintiffs' Amended Complaint, they allege the following claims: (1) breach of contract and warranty, (2) violation of Washington's Consumer Protection Act, RCW 19.86.020, (3) negligent infliction of emotional distress, (4) negligence and lack of institutional control, (5) misrepresentation, (6) breach of fiduciary duty, and (7) fraud. Dkt. 40, ("Amended Complaint").

In addition to BCTI, Plaintiffs have named corporate and individual defendants. Plaintiffs claim that Defendants Business Computer Training Institute Community Services, Educational Management and Financing Corporation, and Marketing Support Services Agency, Inc. were involved in the alleged violations supporting Plaintiffs' causes of action. Amended Complaint, ¶¶ 1.4-1.8, 3.26-3.27. Plaintiffs claim that Defendants Morrie Pigott, Lisa Pigott, Ton Jonez, and Faye Jonez were officers, shareholders or co-owners of the business entities involved in this action. *Id*. ¶¶ 1.9-1.14.

On April 10, 2008, Plaintiffs filed a Motion for Class Certification. Dkt. 11. That motion was renoted because the Court granted Plaintiffs leave to amend their complaint. Dkt. 38. On May 12, 2008, Plaintiffs amended the complaint adding more factual allegations. *Compare* Dkt. 1 at 7-18 *with* Dkt. 40. After the amendment, the Court allowed the parties to file supplemental briefing on the Motion for Class Certification and ultimately denied the motion. Dkt. 38; Dkt. 45.

1 | While the Motion for Class Certification was pending, Defendants moved to dismiss the complaint for failure to plead fraud with particularity. Dkt. 44. On June 30, 2008, Plaintiffs responded. Dkt. 47. On July 3, 2008, Defendants replied. Dkt. 49. On July 15, 2008, the Court renoted Defendants' motion for consideration on the August 4, 2008 calendar. Dkt. 51. On July 28, 2008, Plaintiffs again responded to Defendants' motion to dismiss. Dkt. 53.

On July 24, 2008, Plaintiffs filed a Motion to Amend. Dkt. 52. Plaintiffs attached the proposed amended complaint to their motion. Dkt. 52 at 6-41 ("Second Amended Complaint"). On July 30, 2008, Defendants responded and included a motion to strike Plaintiffs' second response to its motion to dismiss. Dkt. 54. On August 4, 2008, Plaintiffs replied. Dkt. 55.

## II. DISCUSSION

### A. Defendants' Motion to Strike

Defendants move to strike Plaintiffs' second response to Defendants' motion to dismiss (Dkt. 53). Dkt. 54 at 2. Defendants argue that Plaintiffs must obtain leave of court in order to file a supplemental response. *Id*. A party opposing a motion may file "a brief in opposition to the motion." Local Rule 7(b)(2). Plaintiffs violated this rule by filing two briefs in opposition. Therefore, the Court grants Defendants' motion to strike. Plaintiffs' second brief (Dkt. 53) will remain on the electronic docket but will not be considered by the Court.

### B. Plaintiffs' Motion to Amend

After an answer has been filed, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so requires. *Id*. When deciding whether to grant leave to amend, courts consider five additional factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has

previously amended his complaint." *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Plaintiffs seek leave to amend to supplement their fraud claims and conform with the heightened requirements for pleading fraud under Fed. R. Civ. P. 9(b). *See* Dkt. 55. Defendants argue that Plaintiffs' amendment would be futile. Dkt. 54 at 1. An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id*. (citing 3 J. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974)).

Under Fed. R. Civ. P. 9(b), a party must state with particularity the circumstances constituting fraud. A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. *Wool v. Tandem Computers, Inc*., 818 F.2d 1433, 1439 (9th Cir. 1987), *overruled on other grounds by Howard v. Everex Sys., Inc*., 228 F.3d 1057 (9th Cir. 2001). While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient. *Id*.

Plaintiffs' only failure seems to be connecting particular Defendants to the alleged fraudulent activity. Plaintiffs have plead specific dates that the activities occurred. *See, e.g.*, Second Amended Complaint ¶ 11.4 ("On or about March 19, 2004 "). The false statements were alleged to have been made at Defendant BCTI's campuses. *See id*. Plaintiffs allege that the some of the statements regarded false placement statistics of Defendant BCTI's graduates. *See id*. These elements of the allegations are sufficiently adequate such that Defendants can prepare an answer.

Defendants, however, claim that Plaintiffs have failed to plead any allegations of fraud against either Defendants Linda Pigott and Faye Jonez or Defendants Business

Computer Training Institute Community Services, Educational Management and Financial Corporation, and Marketing Support Services Agency, Inc. Dkt. 54 at 5. Each Defendant is entitled to be informed of the specific acts that it must defend. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiffs concede that at least two Defendants "did not personally interact with any of the three Plaintiffs." Second Amended Complaint ¶ 11.14. Plaintiffs, however, allege that those Defendants were "Co-Presidents of Business Computer Training Institute" and that they "implemented and directed the fraudulent conduct described above." *Id.* ¶¶ 1.9, 1.12, and 11.14. Thus, even though Plaintiffs allege that lower level employees made and/or delivered the fraudulent representations, the named Defendants were corporate officers and in a position to control the false or misleading information regarding enrollment and placement statistics. Moreover, Plaintiffs allege that the Corporate Defendants were merely shell companies used to perpetuate the fraud and were owned, operated and/or controlled by the named individual Defendants. If the alleged fraudulent information is contained in "other 'group-published information,' it is reasonable to presume that these are the collective actions of the officers." *Wool*, 818 F.2d at 1440. Plaintiffs have sufficiently pled that the actions of "BCTI and its agents" are attributable to the named Defendants. Defendants have failed to show that the proposed amendments would be futile.

Therefore, the Court grants Plaintiffs' motion to amend.

**C.     Defendants' Motion to Dismiss**

Defendants move to dismiss Plaintiffs' claims of fraud because they fail to comply with Fed. R. Civ. P. 9(b). *See* Dkt. 44. Plaintiffs have sufficiently plead their claims of fraud. *See supra*. Therefore, Defendants' motion to dismiss is denied as moot.

## III.  ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Strike (Dkt. 55) is **GRANTED**; Plaintiffs' Motion to Amend (Dkt. 52) is **GRANTED**; and Defendants' Motion to Dismiss Pursuant to 12(b)(6) for Failure to Plead Particularities of Fraud (Dkt. 44) is **DENIED**.  Plaintiffs shall file the amended complaint no later than August 29, 2008.

DATED this 22nd day of August, 2008.

BENJAMIN H. SETTLE
United States District Judge