UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMANDA M. HAWLEY, et al.,

   Plaintiffs,

 v.

BUSINESS COMPUTER TRAINING
INSTITUTE, INC., et al.,

   Defendants.

CASE NO. C08-5055BHS

ORDER DENYING
DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
REGARDING DEPOSITIONS
OF FAYE JONEZ AND LINDA
PIGOTT AND DEFENDANTS'
MOTION TO STRIKE

  This matter comes before the Court on Defendants' Motion for Protective Order Regarding Depositions of Faye Jonez and Linda Pigott (Dkt. 64) and Defendants' Motion to Strike (Dkt. 85). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies Defendants' motions for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

  This matter was removed to federal court on January 30, 2008. Dkt. 1. Plaintiffs bring this suit on behalf of former Oregon students of the Business Computer Training Institute, Inc. ("BCTI"), alleging that BCTI made material misrepresentations that its training programs would train students to become business professionals and prepare them for high-paying jobs in high-tech computer careers; for officer administration positions using computers; or for positions as web designers, network administrators, hardware repair technicians and software help-desk specialists with the intent of inducing Plaintiffs to enroll in the programs. Dkt. 1 at 10. Plaintiffs contend that BCTI conferred certificates on students regardless of their academic performance and enrolled students in

order to acquire governmental funding. *Id.* at 11-12. According to Plaintiffs, BCTI did not fulfill its representations with regard to career counseling, reasonable job placement assistance, or referrals from BCTI. *Id.* at 13.

In Plaintiffs' Amended Complaint, they allege the following claims: (1) breach of contract and warranty, (2) violation of Washington's Consumer Protection Act, RCW 19.86.020, (3) negligent infliction of emotional distress, (4) negligence and lack of institutional control, (5) misrepresentation, (6) breach of fiduciary duty, and (7) fraud. Dkt. 40.

On June 24, 2008, the Court issued a scheduling order requiring that all discovery must be completed by June 8, 2009. Dkt. 46.

On October 3, 2008, Defendants filed a Motion for Protective Order Regarding Depositions of Faye Jonez and Linda Pigott. Dkt. 64. On October 8, 2008, Plaintiffs responded. Dkt. 74. On October 14, 2008, Defendants replied. Dkt. 85.

## II. DISCUSSION

### A. Motion to Strike

Defendants move to strike "Exhibit A of James W. Beck's Declaration for failing to comply with the rules of evidence." Dkt. 85 at 1. Defendants contend that "Plaintiffs continue the improper habit of attaching documents with no indication that the declarant has personal knowledge of either the document's origins or the veracity of the document's content." *Id*. at 2. Defendants, however, continue to cite case law regarding the evidentiary standards for evidence attached to motions for summary judgment instead of focusing on the standards for *discovery* motions. *See id.* at 2; *see also* Dkt. 112 at 3. A party may obtain material through discovery that is not admissible at trial but does show either that more discovery is warranted or that a protective order is appropriate. Defendants' argument that all material submitted to the Court should comply with the rules of evidence is without merit. Questions regarding the content of the declaration and the declarant's personal knowledge go to the weight of the material that a party submits to the Court. Therefore, Defendants' motion to strike is denied.

### B. Motion for a Protective Order

Defendants concede that Faye Jonez and Linda Pigott may be deposed by Plaintiffs but seek a protective order to delay those depositions until Plaintiffs have deposed other corporate officers. Dkt. 85 at 1. Defendants cite no binding authority for the proposition that the Court should interfere with or set the scheduling of the depositions for named parties. Moreover, Defendants have failed to show a compelling reason for the Court to exercise its discretion in interfering with this aspect of discovery. Defendants assert that Plaintiffs are using "improper motives of harassment and intimidation for purposes of settlement tactics." Dkt. 85 at 3. Contrary to Defendants' assertions, Plaintiffs claim that:

> Faye Jonez and Linda Pigott are named adverse parties, they are both listed as witnesses on Defendants' initial disclosures, they were both on the Board of Directors for each of the defendant corporate entities, and are among a very narrow group of individuals with information about how these businesses ran on an executive level. Defendants' unfounded claim that the purpose of these depositions is to harass, is without support and simply incorrect.

Dkt. 74 at 1. The Court agrees; Defendants' accusations of harassment are not only hypothetical but also highly questionable considering the fact that Defendants have listed these individuals as witnesses.

Therefore, Defendants' motion for a protective order is denied.

### III. ORDER

It is hereby

**ORDERED** that Defendants' Motion for Protective Order Regarding Depositions of Faye Jonez and Linda Pigott (Dkt. 64) is **DENIED** and Defendants' Motion to Strike (Dkt. 85) is **DENIED**.

DATED this 6th day of November, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3