UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMANDA M. HAWLEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BUSINESS COMPUTER TRAINING INSTITUTE, INC., et al.,<br><br>Defendants. | CASE NO. C08-5055BHS<br><br>ORDER DENYING DEFENDANTS' MOTION TO QUASH PLAINTIFFS' DEPOSITION SUBPOENA AND SUBPOENA DUCES TECUM SERVED ON MR. ROBERT GOFF, DEFENDANTS' MOTION TO QUASH PLAINTIFFS' DEPOSITION SUBPOENA AND SUBPOENA DUCES TECUM SERVED ON MR. BRUCE BUSKIRK, AND DEFENDANTS' MOTION TO STRIKE |

This matter comes before the Court on Defendants' Motion to Quash Plaintiffs' Deposition Subpoena and Subpoena Duces Tecum Served on Mr. Robert Goff (Dkt. 89), Defendants' Motion to Quash Plaintiffs' Deposition Subpoena and Subpoena Duces Tecum Served on Mr. Bruce Buskirk (Dkt. 92), and Defendants' motion to strike (Dkt. 112). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies Defendants' motions for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter was removed to federal court on January 30, 2008. Dkt. 1. Plaintiffs bring this suit on behalf of former Oregon students of the Business Computer Training

1  Institute, Inc. ("BCTI"), alleging that BCTI made material misrepresentations that its
2  training programs would train students to become business professionals and prepare
3  them for high-paying jobs in high-tech computer careers; for officer administration
4  positions using computers; or for positions as web designers, network administrators,
5  hardware repair technicians and software help-desk specialists with the intent of inducing
6  Plaintiffs to enroll in the programs. Dkt. 1 at 10. Plaintiffs contend that BCTI conferred
7  certificates on students regardless of their academic performance and enrolled students in
8  order to acquire governmental funding. *Id.* at 11-12. According to Plaintiffs, BCTI did
9  not fulfill its representations with regard to career counseling, reasonable job placement
10 assistance, or referrals from BCTI. *Id.* at 13.

11 In Plaintiffs' Amended Complaint, they allege the following claims: (1) breach of
12 contract and warranty, (2) violation of Washington's Consumer Protection Act, RCW
13 19.86.020, (3) negligent infliction of emotional distress, (4) negligence and lack of
14 institutional control, (5) misrepresentation, (6) breach of fiduciary duty, and (7) fraud.
15 Dkt. 40.

16 On June 24, 2008, the Court issued a scheduling order requiring that all discovery
17 must be completed by June 8, 2009. Dkt. 46.

18 On October 22, 2008, Defendants filed a Motion to Quash Plaintiffs' Deposition
19 Subpoena and Subpoena Duces Tecum Served on Mr. Robert Goff. Dkt. 89. On October
20 27, 2008, Plaintiffs responded. Dkt. 106. On October 30, 2008, Defendants replied and
21 included a motion to strike material that Plaintiffs attached to their response. Dkt. 112.

22 On October 22, 2008, Defendants filed a Motion to Quash Plaintiffs' Deposition
23 Subpoena and Subpoena Duces Tecum Served on Mr. Bruce Buskirk. Dkt. 92. On
24 October 28, 2008, Plaintiffs responded. Dkt. 109. On October 31, 2008, Defendants
25 replied. Dkt. 120.

## II. DISCUSSION

**A.    Defendants' Motion to Strike**

Defendants move to strike the Declaration of Mr. Darrell Cochran and Exhibits (Dkt. 108) that were attached to Plaintiffs' response to the motion regarding Mr. Goff (Dkt. 106). Dkt. 112. Defendants essentially seek to impeach Mr. Cochran through the pleadings and attachments thereto. *See* Dkt. 112 at 2-3. Moreover, Defendants cite case law regarding the admission of documents during the consideration of summary judgment motions for the proposition that the Court must not consider documents that were not properly authenticated when considering the merits of a *discovery* motion. *See* Dkt. 112 at 3, n. 9 (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1551(9th Cir. 1990)). Defendants' arguments are wholly without merit.

Defendants contend that the deposition excerpts that Mr. Cochran has submitted (Dkt. 108 at 5-11) cannot be verified as to date, time or location of the deposition. Dkt. 112 at 2-3. Defendants also contend that the records of the Secretary of State of Washington that list Mr. Goff as a registered agent of Defendant BCTI is "unidentified work-product lacking dates, origins, or an identified author." *Id*. at 3. First, requiring the party to submit the full deposition to the Court to verify the time, location and date of the deposition would be an inefficient waste of the Court's and the parties' time. Not only is Mr. Cochran an officer of the Court but also Defendants' rights are sufficiently protected by other rules of federal procedure should Mr. Cochran be misrepresenting depositions to this Court. Second, if authentication is required as to the public documents, the Court could most likely take judicial notice of administrative records such as filings with the Secretary of State. Finally, the parties are encouraged to meet and confer as required by Local Rule CR 37 to resolve discovery disputes.

Therefore, the Court denies Defendants' motion to strike.

**B.     The Subpoena of Mr. Goff**

As an initial matter, the Federal Rules of Civil Procedure permit discovery "regarding any matter not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). The rules permit such matters to be discovered via the deposition of "any person" without leave of court. Fed. R. Civ. P. 30(a)(1).

Defendants move to quash both the deposition subpoena and the subpoena duces tecum issued to Mr. Goff. Dkt. 89. The Court may protect a person subject to a subpoena under Fed. R. Civ. P. 45(c), which reads in part as follows:

> (3) Quashing or Modifying a Subpoena.
> (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
> ***
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c). Defendants argue that responding to the subpoena would require the disclosure of attorney-client privileged communications and would subject Mr. Goff to undue burden. Dkt. 89 at 5-7.

Defendants claim that "Mr. Goff acts as private counsel for Mr. and Mrs. Pigott as well as Mr. and Mrs. Jonez. Any information about this representation is privileged and any attempt at discovery is improper." Dkt. 89 at 5. Regardless, Mr Goff is the registered agent for Defendant BDTI. *See* Dkt. 108 at 15. As such, it cannot be said that the deposition of Mr. Goff will *require* the disclosure of privileged or protected matter because he may have knowledge of relevant facts relating to Plaintiffs' claims based on his capacity as registered agent. Moreover, Defendants may properly object to any disclosure of privileged communications when such questions are asked. A general prohibition based on some possible attorney-client relationship is inappropriate in this instance.

1    Defendants also claim that "Mr. Goff has an important case heading for trial in the
2 next few weeks. The time needed to finalize preparations and present the case at trial will
3 occupy the majority of his schedule for the next several weeks." Dkt. 89 at 7. While it is
4 unfortunate that Mr. Goff has a busy schedule, Plaintiffs have a right to discovery of
5 information relevant to their claims. The Court is hopeful that the parties can agree to a
6 convenient date, time and location for any deposition as to limit interference with Mr.
7 Goff's other obligations.

    Finally, Defendants claim that "Mr. Goff has informed Plaintiffs' counsel that he
does not have any documents which would respond to their subpoena duces tecum." Dkt.
89 at 3-4. If Mr. Goff does not have relevant documents, then this issue is moot. On the
other hand, if Mr. Goff has documents but considers them to be irrelevant, then Plaintiffs'
rights are sufficiently protected by the rules of federal procedure if those documents are
subsequently found to be relevant.

    Therefore, Defendants' motion to quash is denied because Defendants have failed
to show either that the subpoena requires disclosure of privileged matters or material or
that the subpoena places an undue burden upon Mr. Goff.

**C.    The Subpoena of Mr. Buskirk**

    Defendants move to quash both the deposition subpoena and the subpoena duces
tecum issued to Mr. Buskirk. Dkt. 92 at 3. Defendants claim that Mr. Buskirk "was"
counsel for Defendants BCTI, Mr. and Mrs Jonez, and Mr. and Mrs. Pigott. *Id.* at 1.
Based on the attorney-client privilege, Defendants seek a complete bar against Plaintiffs'
request for a deposition. *Id.* Defendants have failed to show that every relevant question
that Plaintiffs could possibly ask would implicate attorney-client communications and,
therefore, any answer or material requested would be subject to protection from
disclosure. Defendants attempt to rely on case law that considers the question of whether
opposing trial or active counsel may be disposed. *Id.* at 6-8; Dkt. 120 at 3-5. Defendants'
arguments are without merit. Mr. Goff is a person subject to deposition and may claim

the attorney-client privilege for specific questions or document requests but Defendants have failed to show that a general bar preventing his deposition is warranted in this case.

Therefore, Defendants' motion to quash is denied because Defendants have failed to show either that the subpoena requires disclosure of privileged matters or material or that the subpoena places an undue burden upon Mr. Buskirk.

### III.  ORDER

It is hereby

**ORDERED** that Defendants' motion to strike (Dkt. 112) is **DENIED**, Defendants' Motion to Quash Plaintiffs' Deposition Subpoena and Subpoena Duces Tecum Served on Mr. Robert Goff (Dkt. 89) is **DENIED,** and Defendants' Motion to Quash Plaintiffs' Deposition Subpoena and Subpoena Duces Tecum Served on Mr. Bruce Buskirk (Dkt. 92) is **DENIED**.

DATED this 6th day of November, 2008.

BENJAMIN H. SETTLE
United States District Judge