UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMANDA M. HAWLEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BUSINESS COMPUTER TRAINING INSTITUTE, INC., et al., <br><br> Defendants. | CASE NO. C08-5055BHS <br><br> ORDER GRANTING DEFENDANTS' MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY AND FOR SANCTIONS AND DENYING PLAINTIFFS' MOTION TO COMPEL DEFENDANT BCTI'S PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES |

This matter comes before the Court on Defendants' Motion to Compel Responses to Written Discovery and For Sanctions (Dkt. 58) and Plaintiffs' Motion to Compel Defendant BCTI's Production of Documents and Answers to Interrogatories (Dkt. 60). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Defendants' motion and denies Plaintiffs' motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This matter was removed to federal court on January 30, 2008. Dkt. 1. Plaintiffs bring this suit on behalf of former Oregon students of the Business Computer Training Institute, Inc. ("BCTI"), alleging that BCTI made material misrepresentations that its training programs would train students to become business professionals and prepare them for high-paying jobs in high-tech computer careers; for officer administration

ORDER - 1

positions using computers; or for positions as web designers, network administrators, hardware repair technicians and software help-desk specialists with the intent of inducing Plaintiffs to enroll in the programs. Dkt. 1 at 10. Plaintiffs contend that BCTI conferred certificates on students regardless of their academic performance and enrolled students in order to acquire governmental funding. *Id.* at 11-12. According to Plaintiffs, BCTI did not fulfill its representations with regard to career counseling, reasonable job placement assistance, or referrals from BCTI. *Id.* at 13.

In Plaintiffs' Amended Complaint, they allege the following claims: (1) breach of contract and warranty, (2) violation of Washington's Consumer Protection Act, RCW 19.86.020, (3) negligent infliction of emotional distress, (4) negligence and lack of institutional control, (5) misrepresentation, (6) breach of fiduciary duty, and (7) fraud. Dkt. 40.

On June 24, 2008, the Court issued a scheduling order requiring that all discovery must be completed by June 8, 2009. Dkt. 46.

On September 23, 2008, Defendants filed a Motion to Compel Responses to Written Discovery and For Sanctions. Dkt. 58. On October 6, 2008, Plaintiffs responded. Dkt. 72. On October 10, 2008, Defendants replied. Dkt. 80.

On September 25, 2008, Plaintiffs filed a Motion to Compel Defendant BCTI's Production of Documents and Answers to Interrogatories. Dkt. 60. On October 6, 2008, Defendants responded. Dkt. 70. On October 10, 2008, Plaintiffs replied. Dkt. 84.

## II. DISCUSSION

Federal Rule of Civil Procedure 26 governs discovery and provides, in part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears

ORDER - 2

reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). The following procedures apply to the production of documents or electronically stored information:

> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
> (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E). On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1).

**A.      Defendants' Motion to Compel**

Defendants move the Court "for an Order to Compel Plaintiffs to submit the required responses to three separate sets of written discovery requests served by Defendants nearly three months ago." Dkt. 58. Defendants claim that on May 30, 2008, they "served upon Plaintiffs three separate sets of written discovery containing requests for production and interrogatories." Dkt. 59, Decl. of Thomas R. Merrick, ¶ 1. Defendants also claim that on June 6, 2008, they served six more sets of discovery requests upon Plaintiffs. *Id*., Exhs. B & C. Plaintiffs concede that they have not responded to eight of the nine sets of discovery. Plaintiffs, however, claim that their tardiness is due to an "unexpected personal emergency" and time preparing for a cancelled mediation in this matter. Dkt. 72 at 2-3. While this may be some cause for delay, Plaintiffs still must comply with their discovery obligations. Therefore, Defendants' motion to compel is granted and Plaintiffs are compelled to answer Defendants' outstanding discovery requests no later than November 21, 2008.

If the court grants a motion to compel, then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's

ORDER - 3

reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court, however, "must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified." *Id*. Therefore, Plaintiffs are ordered to show cause, if any they have, why the Court should not order them to pay Defendants' reasonable expenses in bringing this motion.

**B.     Plaintiffs' Motion to Compel**

Plaintiffs request an order compelling Defendants to produce documents and supplement certain interrogatories. Dkt. 60 at 1. Plaintiffs claim that they served Defendants with discovery requests on May 7, 2008. Dkt. 61, Declaration of Darrell L. Cochran, Exh. 1. On June 6, 2008, Defendants responded. *Id*. Exh. 2. Plaintiffs argue that Defendants' responses are "wholly inadequate" and that Defendants' objections are "unfounded and choreographed to avoid providing a substantive response to Plaintiffs' request." Dkt. 60 at 3. On the other hand, Defendants argue that Plaintiffs have failed to make a good faith effort to meet and confer regarding this discovery dispute. Dkt. 70 at 5 (citing Local Rule CR 37(a)(2)(A)). The Court agrees. The record shows that Plaintiffs filed their motion to compel two days after they informed Defendants of the alleged deficiencies. *See* Dkt. 71, Declaration of Thomas Merrick, Exh. G & I. The record does not show that the parties conferred either in person or over the telephone regarding the alleged deficiencies. Therefore, the Court denies without prejudice Plaintiffs' motion to compel.

## III. ORDER

It is hereby

**ORDERED** that Defendants' Motion to Compel Responses to Written Discovery and For Sanctions (Dkt. 58) is **GRANTED** and Plaintiffs' Motion to Compel Defendant BCTI's Production of Documents and Answers to Interrogatories (Dkt. 60) is **DENIED without prejudice**. Plaintiffs may show cause, if any they have, why the Court should

not order them to pay Defendants' reasonable expenses for bringing their motion to compel no later than November 21, 2008.

DATED this 12th day of November, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 5