UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMANDA M. HAWLEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BUSINESS COMPUTER TRAINING INSTITUTE, INC., et al., <br><br> Defendants. | CASE NO. C08-5055BHS <br><br> ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF DISMISSAL REGARDING PLAINTIFFS' FRAUD CLAIMS |

This matter comes before the Court on Defendants' Motion for Summary Judgment of Dismissal Regarding Plaintiffs' Fraud Claims (Dkt. 76). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

On January 30, 2008, this matter was removed to federal court. Dkt. 1. Plaintiffs bring this suit on behalf of former Oregon students of the Business Computer Training Institute, Inc. ("BCTI"), alleging that BCTI made material misrepresentations that its training programs would train students to become business professionals and prepare them for high-paying jobs in high-tech computer careers; for office administration positions using computers; or for positions as web designers, network administrators, hardware repair technicians and software help-desk specialists with the intent of inducing

ORDER - 1

1 Plaintiffs to enroll in the programs. Dkt. 1 at 10. Plaintiffs contend that BCTI conferred certificates on students regardless of their academic performance and enrolled students in order to acquire governmental funding. *Id*. at 11-12. According to Plaintiffs, BCTI did not fulfill its representations with regard to career counseling, reasonable job placement assistance, or referrals from BCTI. *Id*. at 13.

In Plaintiffs' Amended Complaint, they allege the following claims: (1) breach of contract and warranty, (2) violation of Washington's Consumer Protection Act, RCW 19.86.020, (3) negligent infliction of emotional distress, (4) negligence and lack of institutional control, (5) misrepresentation, (6) breach of fiduciary duty, and (7) fraud. Dkt. 40. Specifically, Plaintiffs' claim of fraud reads as follows:

> 11.1. BCTI and its agents made numerous representations to Plaintiffs regarding the Program knowing that these representations were false.
> 11.2. These false and misleading statements were made by BCTI and its agents intentionally, recklessly, and negligently, with the specific purpose and effect of inducing Plaintiffs and others to act in reasonable reliance on the false and misleading statements and enroll in the Program.
> 11.3. As a result of their reliance on the false and misleading statements made by BCTI and its agents, Plaintiffs sustained both general and special damages in amounts to be proven at trial.

*Id*.

On October 9, 2008, Defendants filed a Motion for Summary Judgment of Dismissal Regarding Plaintiffs' Fraud Claims. Dkt. 76. On October 27, 2008, Plaintiffs responded. Dkt. 97. On October 31, 2008, Defendants replied and included a Motion to Strike Declarations. Dkt. 116.

## II. FACTUAL BACKGROUND

Over 6,000 students have attended BCTI's two Oregon campuses. Declaration of Tom Jonez in Support of Defendants' Opposition to Class Certification ("Jonez Decl."), Dkt. 21, ¶ 2. BCTI's Beaverton Campus opened in 1985 and its Salem Campus opened shortly thereafter. *Id*. Plaintiffs claim that "BCTI advertised and promoted training programs [] that claimed to provide the education necessary for students to become

trained and qualified as business professionals with computer competency." Dkt. 40, ¶ 3.1. In March 2005, BCTI closed both Oregon campuses. Jonez Decl., ¶ 2.

The parties contest the reasons for those closures. Plaintiffs claim that the BCTI schools closed as a result of an investigation by the Oregon Department of Education. Dkt. 11 at 2. The Department of Education initiated an investigation of BCTI based on complaints by and interviews with students and instructors. Declaration of Darrell Cochran ("Cochran Decl."), Dkt. 11-6, Exh. D, Dkt. 11-8 at 1-16. In that investigation, the Department made the following findings:

> 1. The school makes intentionally or knowingly false, deceptive, inaccurate, or misleading representations of fact in connection with the offering or publicizing of a subject or course of instruction.
> 2. The school . . . [enrolls] students who cannot reasonably expect to succeed in and benefit from the proposed training or course of instruction.
> 3. BCTI has submitted multiple and differing data on completion and placement thus failing to provide true and correct data.
> 4. The school has consistently engaged in unfair and deceptive conduct . . . .

*Id*. at 14. On the other hand, Defendants claim that the school closed due to a lack of computer related jobs and the financial burden imposed on the company in maintaining its campus computer systems. Dkt. 19 at 2.

There are three named plaintiffs. Plaintiff Amanda Hawley attended BCTI's Salem campus and was enrolled when the campus closed in March 2005. Declaration of Amanda Hawley, Dkt. 11-3, ¶ 2. Plaintiff Robert Rockhold was enrolled at the Salem campus from October of 2002 until December of 2003. Declaration of Robert Rockhold, Dkt. 11-4, ¶ 2. Plaintiff Julie Bennette was enrolled at the Beaverton campus from March of 1993 until July of 1993. Declaration of Julie Bennette, Dkt. 11-5, ¶ 2. Ms. Bennette claims that she "was unaware that the statistics used by BCTI to advertise their programs of instruction were inaccurate until December 2007." *Id*. ¶ 3.

## III. DISCUSSION

**A.     Defendants' Motion to Srike**

Defendants move to strike the declarations of Hollie McIntyre (Dkt. 101), Krystin Gieske (Dkt. 103), Reynolda Hall (Dkt. 102), Miles Goda (Dkt. 23 at 4-15) and Julian Cordle (Dkt. 104). Dkt. 116 at 1-10. Defendants argue that these declarations should be stricken because they are from undisclosed witnesses and Mr. Goda's declaration is "unsupported hearsay." *Id.*

First, Defendants assert that, under Fed. R. Civ. P. 26(a)(1)(A), Plaintiffs were "obligated to submit the names of witnesses whom they would utilize to support their claims." *Id.* at 2. "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion . . . ." Fed. R. Civ. P. 37(c)(1). Defendants claim that Plaintiffs did not disclose Hollie McIntyre, Krystin Gieske, Reynolda Hall and Julian Cordle and, therefore, the declarations of these undisclosed witnesses should be stricken. *Id.* The issue, however, is moot because the Court does not reach the merits of Defendants' summary judgment motion and it is unnecessary for Plaintiffs to rely on these declarations to overcome Defendants' motion.

Second, Defendants move to strike the declaration of Mr. Goda on the grounds that it is unsupported hearsay and they "have been unable to test the substance of [the declaration]." Dkt. 116 at 5. Defendants' broad allegation is unsupported by Mr. Goda's declaration. *See* Dkt. 23 at 4-15. Mr. Goda sets out facts based on personal knowledge that would, at this point, seem to be admissible at trial. *See id.* Moreover, Defendants have failed to cite any authority for the proposition that a declarant must be deposed before the Court may consider testimony submitted under the penalty of perjury.

Finally, Defendants have again attempted to impeach witnesses based on the pleadings and attachments thereto. *See id.* at 3-7; *see also* Dkt. 112 at 2-3. Defendants claim that the declarants are offering evidence that is inconsistent with previously offered

testimony. Dkt. 116 at 6-7. On a motion for summary judgment, the court must consider new facts alleged in an affidavit if the inconsistency is "an honest discrepancy, a mistake, or the result of newly discovered evidence." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 267 (9th Cir. 1991). The court, however, may not exclude newly alleged evidence without making "a factual determination that the contradiction was actually a 'sham.'" *Id.* In this case, the Court has not made findings of fact regarding any contradictory evidence and, therefore, will consider Plaintiffs' admissible evidence, even if the evidence contradicts earlier representations.

**B.     Summary Judgment**

Defendants move for summary judgment on Plaintiffs' claim for fraud. Dkt. 76 at 2. Plaintiffs request that the Court either deny Defendants' motion as premature or grant a continuance until additional discovery is completed. Dkt. 97. Fed. R. Civ. P. 56(f) reads as follows:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

"[S]ummary judgment in the face of requests for additional discovery is appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim." *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (citing *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988)). Rule 56(f) is "an additional safeguard against an improvident or premature grant of summary judgment and the rule generally has been applied to achieve that objective." 10B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Fed. Prac. & Proc.* § 2740 (3d ed. 2004).

Plaintiffs' claim of fraud is based on representations made by BCTI and its agents. *See supra*. Plaintiffs state that they have "sought discovery from BCTI, but Defendants have not complied." Dkt. 97 at 8. The parties have pending motions to compel and the

Court has already ruled on three other discovery motions. *See* Dkts. 58, 60, 124, and 125. Moreover, the Court has ordered that all discovery must be completed by June 6, 2009, a deadline that is seven months in the future. *See* Dkt. 46. Therefore, there is ample time to obtain more discovery as well as issues before the Court regarding production of material that may support Plaintiffs' claim of fraud as to the *individual* Plaintiffs. Defendants fail to cite any authority for the proposition that the Court should grant summary judgment based on Plaintiffs' lack of evidence in support of their claims when Plaintiffs assert that Defendants are refusing to produce the very evidence that may support such claims and when the discovery cut-off date is more than six months away.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment of Dismissal Regarding Plaintiffs' Fraud Claims (Dkt. 76) is **DENIED without prejudice**.

DATED this 12th day of November, 2008.

BENJAMIN H. SETTLE
United States District Judge