1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA

10    AMANDA M. HAWLEY, et al.,

11                    Plaintiffs,                    CASE NO. C08-5055BHS

12          v.
                                                     ORDER GRANTING
13    BUSINESS COMPUTER TRAINING                     PLAINTIFFS' MOTION TO
      INSTITUTE, INC., et al.,                       QUASH ATTORNEY'S
14                                                   CLAIM OF LIEN

15                    Defendants.

16          This matter comes before the Court on Plaintiffs' Motion to Quash Attorney's

17   Claim of Lien (Dkt. 174).  The Court has considered the pleadings filed in support of and

18   in opposition to the motion and the remainder of the file and hereby grants the motion for

19   the reasons stated herein.

20                    **I. FACTUAL AND PROCEDURAL BACKGROUND**

21          On January 30, 2008, this matter was removed to federal court.  Dkt. 1.  Plaintiffs

22   brought this suit on behalf of former Oregon students of the Business Computer Training

23   Institute, Inc. ("BCTI"), alleging that BCTI made material misrepresentations that its

24   training programs would train students to become business professionals and prepare

25   them for high-paying jobs in high-tech computer careers; for office administration

26   positions using computers; or for positions as web designers, network administrators,

27   hardware repair technicians and software help-desk specialists with the intent of inducing

28

ORDER - 1

1   Plaintiffs to enroll in the programs.  Dkt. 1 at 10.  Plaintiffs contended that BCTI

2   conferred certificates on students regardless of their academic performance and enrolled

3   students in order to acquire governmental funding.  *Id*. at 11-12. According to Plaintiffs,

4   BCTI did not fulfill its representations with regard to career counseling, reasonable job

5   placement assistance, or referrals from BCTI.  *Id*. at 13.

6          On March 27, 2009, the parties filed a Notice of Settlement.  Dkt. 168.  On June

7   23, 2009, attorney Thaddeus P. Martin filed a Notice of Attorney's Claim of Lien.  Dkt.

8   170.

9          On January 28, 2010, Plaintiffs filed a Motion to Quash Attorney's Claim of Lien.

10  Dkt. 174.  On February 8, 2010, Mr. Martin responded.  Dkt. 175.  On February 12, 2010,

11  Plaintiffs replied.  Dkt. 179.  On February 17, 2010, Mr. Martin filed a surreply.  Dkt.

12  181.

13         The attorney's lien arises from a contract between Mr. Martin and Plaintiffs'

14  counsel, Darrell L. Cochran.  *See* Dkt. 174-3, Declaration of Darrell Cochran ("Cochran

15  Decl."), Exh. 1 (signed contract).  The contract states, in relevant part, that "Thaddeus P.

16  Martin and Darrell L. Cochran hereby agree to a fee split of the *Wright v. BCTI* class

17  action case (and any corollary case related to this case) . . . ."  *Id*.  The *Wright* case

18  involved Defendant BCTI and students at its Washington campuses while the instant case

19  involves students at Defendant BCTI's Oregon campuses.  *See* Dkt. 180, Declaration of

20  James Beck, ¶¶ 4–7.

21         With regard to work that Mr. Martin completed on the case before the Court, Mr.

22  Cochran claims that Mr. Martin did not represent any Plaintiff in this matter and did no

23  work on this matter.  Cochran Decl., ¶¶ 11–12.  Mr. Martin does not dispute that he did

24  no work on the case before the Court or that he was not an attorney of record in this case.

25  Mr. Martin, however, claims that he remained "ready to receive work" and that Mr.

26  Cochran "refused to allow" Mr. Martin to work on this case.  Dkt. 176, Declaration of

27

28

ORDER - 2

Thaddeus P. Martin, ¶ 20.  Mr. Martin now asks the Court to enforce the contract in such a way as to award him a contingency fee for no work done.

## II. DISCUSSION

The attorney's lien statute in Washington reads in part as follows:

> (1) An attorney has a lien for his or her compensation, whether specially agreed upon or implied, as hereinafter provided:
>
> ***
>
> (d) Upon an action, including one pursued by arbitration or mediation, and its proceeds after the commencement thereof to the extent of the value of **any services performed by the attorney in the action**, or if the **services were rendered** under a special agreement, for the sum due under such agreement; and
>
> (e) Upon a judgment to the extent of the value of any services performed by the attorney in the action, or if **the services were rendered** under a special agreement, for the sum due under such agreement, from the time of filing notice of such lien or claim with the clerk of the court in which such judgment is entered, which notice must be filed with the papers in the action in which such judgment was rendered, and an entry made in the execution docket, showing name of claimant, amount claimed and date of filing notice.

RCW 60.40.010 (emphasis added).

In this case, Mr. Martin has failed to submit any evidence (1) that he is an attorney of record in this action; (2) that any Plaintiff has consented to his representation in this action; or (3) that his services were either performed or rendered in this action. Therefore, the Court grants Plaintiffs' motion to quash Mr. Martin's lien because Mr. Martin has failed to show that he has "a lien for his . . . compensation . . . ."

## III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion to Quash Attorney's Claim of Lien (Dkt. 174) is **GRANTED**.

DATED this 31st day of March, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 3